UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Michelle Tyler, et al., | Civil No. | 14cv1179-GPC (JLB) |
|---|---|---|
| Plaintiffs, | | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF PROTECTIVE ORDERS** | |
| City of San Diego, et al., | | |
| Defendants. | **[ECF No. 46]** | |

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order granting in part and denying in part Defendant City of San Diego's Motion for Protective Orders (ECF No. 46). Having considered Plaintiffs' Motion (ECF No. 46) and supporting declaration (ECF No. 46-1), Defendant City of San Diego's Opposition (ECF No. 49), and Plaintiffs' Reply (ECF No. 50) and supporting declaration (ECF No. 50-1), the Court issues this order modifying its December 17, 2014 Order pursuant to its inherent power to reconsider its own orders. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001).[1] Accordingly, Plaintiffs' motion (ECF No. 46) is GRANTED IN PART AND DENIED IN PART as follows.

---

[1] Because the Court is relying on its inherent power, the Court need not address Defendant's arguments that reconsideration is not authorized under the Federal Rules.

**1.     Limitation of Discovery Production Based Upon Gender of Victim**

Plaintiffs correctly point out that men as well as women can be victims of sexual harassment and sexual battery. Although the Plaintiffs have neither made allegations nor put forward evidence that Mr. Filner sexually harassed or sexually battered men, if the City has evidence of such, it could be relevant in this case. As such, the Court finds it to be appropriate and within the interest of justice to strike the limitation as to the gender of alleged victims from the December 17, 2014 Order.

**2.     Limitation to Complaints Against Filner and Limitations to Time**

Plaintiffs urge that discovery should not be limited to the period prior to the alleged incident (June 11, 2013) but should continue forward in time because, Plaintiffs assert, the incident with Mr. Filner continued to impact Plaintiffs' ability and willingness to seek city services after June 11, 2013. In light of this explanation and finding no undue burden, the Court concludes that it is in the interests of justice to expand the period of discovery for the Federal Rule of Civil Procedure topics through the remainder of Mr. Filner's tenure with the City, that is, through August 2013.[2]

Plaintiffs also assert in their Motion for Reconsideration that they should be able to depose the City as to all allegations of sex discrimination against "city supervisory employees, including elected and appointed officials." Yet, Plaintiffs fail to provide an explanation, argument or relevant authority for this assertion. The Court finds no merit to this assertion.

First of all, with the exception of Topics 20 and 21, all of the relevant topics in Plaintiffs' Rule 30(b)(6) notice (Topics 1-18) were limited *by the Plaintiffs* to allegations about Mr. Filner. Only Topics 20 and 21 address allegations not limited

---

[2]     The Court modifies its previous order on this basis, in spite of the fact that the pre-June 11, 2013 limitation came from Plaintiffs' own 30(b)(6) notice, and nearly all of the topics in Plaintiffs' notice (Topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 18) contained that time limitation.

to Mr. Filner, and both are clearly overbroad in this respect.  Topic 20 compels the 30(b)(6) witness to address, among other things, any allegations (or even "suggestions") of the City *or any of its employees or agents* engaging in sexual harassment or sex discrimination while disbursing or administering federal funds, without limit as to time.  (Emphasis added.)  Topic 21 compels the 30(b)(6) witness to address all allegations (or even "suggestions") of sex harassment and sex discrimination "against *the CITY*" in the past ten years.  (Emphasis added.)  It also compels the witness to be prepared to address all documents that relate to any allegation (or even "suggestion") of sex harassment and or sex discrimination "made by *any CITY employee, independent contractor, representative, volunteer, constituent or agent*" without limit as to time.[3]  (Emphasis added.)

Second, the undue burden that would be placed on the City and the limited nature of the allegations in Plaintiffs' complaint weigh against the discovery sought.  Plaintiffs are not employees of the City, but rather are constituents who allege that Ms. Tyler was sexually harassed by then-Mayor Filner, an elected official.  The Complaint asserts liability of the City for sexual harassment (in the Second Cause of Action) and sexual discrimination (in the Fifth Cause of Action) due the City's alleged failure to train, supervise and discipline Mr. Filner and its alleged failure to warn and protect the Plaintiffs.  The Complaint does not allege broader failures on the part of the City.

This is an atypical sexual harassment/sex discrimination case in a number of ways, but in particular because Mr. Filner was, at the relevant times, an elected official. Plaintiffs have not alleged, for example, that other City employees, including supervisory employees, engaged in sexual harassment or sex discrimination.  The Court concludes that, under these circumstances, the burden of

---

[3]    Although Plaintiffs' motion for reconsideration asserts that the Court should permit discovery of harassment by "city supervisory employees, including elected and appointed officials," Topics 1-18 do not request that, and Topics 20 and 21 as drafted by Plaintiffs are far broader than that.

the proposed discovery outweighs its likely benefit, considering the needs of the case.  Plaintiffs' deposition topics are overbroad and unduly burdensome to the extent they seek discovery s into allegations of sex discrimination and sex harassment leveled against employees of the City other than Mr. Filner.

### 3.     The DFEH Agreement

Plaintiffs explain, in their Motion for Reconsideration, that the DFEH agreement referenced in the Rule 30(b)(6) notice is a settlement agreement entered into by the City resolving allegations by DFEH that the City failed to train Mr. Filner and other supervisory employees.  Based upon this explanation, the Court concludes that it is appropriate and in the interests of justice to modify its prior Order to include this as a proper 30(b)(6) topic.

### 4.     Section 1983 Discovery, Discrimination While Disbursing Federal Funds, and Other Veterans

The Court had determined that some language within Plaintiffs' Topic 20 was argumentative and harassing, not intended to lead to the discovery of admissible evidence, and not appropriate for a 30(b)(6) topic.  Plaintiffs included language such as: "whether the City knew in 2013 knew it could not sexually harass"; whether Bob Filner "had any meetings with any male veterans" and whether male veterans "were required to go on dates with Filner, be seen in public with Filner or go to dinner with Filner."  The Court continues to find these portions of Plaintiffs' topics improper.  Other parts of Topic 20 were unduly burdensome such as "whether the CITY provided any veteran services or assistance to any males in 2013 and, if so, the full identity of those males and what occurred and when."

The Court, in its previous order, found that the City should prepare a witness to testify as to:

> information known or reasonably available to the City regarding its 2012 to August 2013 veterans services and assistance, including funding, financial assistance, and contracts.

/ / /

Thus, Plaintiffs are not precluded from obtaining appropriate discovery necessary to support their § 1983 claim.  The Court declines to revisit its prior Order in this regard.

For the reasons stated above, IT IS HEREBY ORDERED THAT paragraph 4 of the Court's December 17, 2014 order (ECF No. 42) addressing the appropriate topics of the Fed. R. Civ. P. 30(b)(6) deposition of Defendant City of San Diego is MODIFIED as follows:

    4.    Defendant's request for an order precluding or limiting the scope of the noticed Fed. R. Civ. P. 30(b)(6) deposition of Defendant City of San Diego is GRANTED IN PART AND DENIED IN PART.  Plaintiffs served a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) that seeks Defendant City of San Diego's testimony on 21 listed topics.  The Court concludes that each of the 21 topics is overbroad and unduly burdensome as written.  However, the topics are relevant to Plaintiffs' equal protection claim against the City of San Diego.  Thus, the Court ORDERS that the Fed. R. Civ. P. 30(b)(6) deposition may go forward on the noticed topics as narrowed by the Court below:

    a.    **Topics 1-17** (Knowledge of misconduct): These topics are limited to the City of San Diego's knowledge through August 2013, concerning Defendant Filner's actual or alleged sexual harassment, requests for sexual favors, or his written, verbal, or physical conduct of a sexual nature, and any response of the City thereto.

    b.    **Topic 18** (Documents maintained; Dates and identity of victims' complaints and recipients of complaints about Filner; Investigation into Plaintiffs' complaints): In addition to being overbroad and unduly burdensome, this topic is compound.  The City should prepare its designee on documents maintained and information known or reasonably available to the City regarding

2012 to August 2013 complaints about Defendant Filner's actual or alleged sexual harassment, requests for sexual favors, or his written, verbal, or physical conduct of a sexual nature. As with any topic, the deponent may produce and/or utilize documents to assist with testimony on this topic. The City should also prepare its designee on the City's investigation into complaints made by plaintiffs (without waiving or revealing privileged communications or attorney work product).

  c. **Topic 19** (Sex harassment and sex discrimination policy(s) for past 10 years; Training of employees; Persons responsible for training; City's 12/2013 agreement with FEHA): In addition to being overbroad and unduly burdensome, this topic is compound. Further, this topic seeks irrelevant information about the FEHA agreement. The City should prepare a designee on information known or reasonably available to the City regarding 2012 to August 2013 (i) sex harassment and sex discrimination policy(s), (ii) sex harassment and sex discrimination prevention training policy(s), (iii) training or materials provided to Filner or other supervisory employees regarding sex harassment and sex discrimination, and (iv) persons responsible for sex harassment and sex discrimination prevention training and compliance. The City should further prepare a designee on the City's 2013 agreement with FEHA and any non-privileged communications related to that agreement.

  d. **Topic 20** (City veteran assistance or services for 2011-2013; Funding and financial assistance and federal contracts for veterans services and assistance; Whether City knew it could not sexually harass; Whether Filner met with male veterans and required dates in exchange for veterans services): In addition to being

overbroad and unduly burdensome, this topic is compound and argumentative (as to having a witness testify as to whether the City knew it could not harass). The City should prepare its designee on information known or reasonably available to the City regarding its 2012 to August 2013 veterans services and assistance, including funding, financial assistance, and contracts.

      e.    **Topic 21** (All complaints of sex harassment and discrimination): In addition to being overbroad and unduly burdensome, this topic is duplicative of the areas of inquiry set forth in Topics 1-19. The City is not required to prepare a witness on this topic.

IT IS SO ORDERED.

DATED: February 2, 2015

_____
JILL L. BURKHARDT
United States Magistrate Judge