1

2                    UNITED STATES DISTRICT COURT

3                   SOUTHERN DISTRICT OF CALIFORNIA

4   Michelle Tyler, et al.,                Case No.:  14-cv-01179-GPC-JLB
                                Plaintiffs,
5                                           **Order Granting Plaintiffs' Motion to
    vs.                                     Compel Documents from the City**
6
    City of San Diego, et al.,
7                                Defendants.  [ECF No. 95]

8

9          The Court hereby GRANTS Plaintiffs' motion to compel documents from

10   Defendant the City of San Diego (ECF No. 95) as set forth below.

11      **1.   The City's Objections.**

12         The City makes, and purports to rely on, numerous recurring objections:

13      **a.   Vague.**   The City does not purport to rely on this objection in withholding

14         documents, so the Court does not rule on it.

15      **b.   Overly broad, oppressive, burdensome, and seeking material not relevant**

16         **to any claim or defense.**   This objection is addressed in the context of the

17         particular requests, below.

18      **c.   Fed. R. Civ. P. 26(b)(2)(B).**   The City's Fed. R. Civ. P. 26(b)(2)(B) objection

19         to producing Electronically Stored Information ("ESI") is overruled as the City

20

1

has not sufficiently shown that the information is not reasonably accessible due to burden or expense.

In its Amended Requests for Production, Plaintiffs include ESI in their definition of documents.  (ECF No. 95-4, p. 3.)  In December, 2014, the parties met and conferred as to search locations and search terms for the City's ESI production of documents.  (ECF No. 109-1, p. 2.)  Plaintiffs proposed search locations and search terms which the City deemed unworkable and overly burdensome.  (*Id*., pp. 2-3.)  On February 25, 2015, the City proposed search terms, which were not acceptable to Plaintiffs.  (ECF No. 95-3, p. 2.)  On March 5, 2015, the parties agreed that the search locations should include email accounts for the Filner Mayoral Staff, the Human Resources Managerial Staff, the Equal Employment Investigations Staff, and the City Councilmembers for the period of January 1, 2013 to August 31, 2013.  (ECF No. 95-4, p 4.)  The parties did not agree as to whether the email account of City Attorney Jan Goldsmith should be searched.  (*Id*.)  The parties did not agree to search terms.

Citing to Federal Rule of Civil Procedure 26(b)(2)(B), the City asserted in its Response to Plaintiffs' First Amended Request for Production of Documents (Set One) that "The City will not search all of its ESI without clearly limited search terms and protocols that minimize cost, including, if necessary, cost allocation to Plaintiffs."  (ECF No. 95-5 (throughout).)  It

appears the City has, in fact, undertaken no ESI search and has produced no responsive ESI.

Rule 26(b)(2)(B) allows for a two-tier approach to the discovery of ESI. *See*, *e.g.*, *U.S. v. Bridgepoint Education, Inc.*, No. 10cv1401-JLS (WVG), 2015 WL 818032, at *10-*12 (S.D. Cal. Feb.20, 2015). First, "[a] responding party should produce electronically stored information that is relevant, not privileged and reasonably accessible, subject to the [Rule 26](b)(2)(C) limitations that apply to all discovery." *See* Advisory Committee Notes to the 2006 Amendments to Rule 26(b)(2); S.S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary RULE 26 (Mar. 2014) ("discovery from reasonably accessible ESI sources—e.g., active computer files or e-mail records—proceeds in the same manner as would discovery from paper sources. . . . No special request must be made, and no special standards apply.") (footnotes omitted).

Second, upon assessing the scope of accessible ESI, the parties may confer over searching less accessible sources of ESI. Advisory Committee Note to Proposed Amendment to Fed. R. Civ. P. 26(b)(2) (May 27, 2005) ("Lawyers sophisticated in these problems are developing a two-tier practice in which they first sort through the information that can be provided from easily accessed sources and then determine whether it is necessary to search the

difficult-to-access sources.").  Should the parties reach an impasse, the party

from whom discovery is requested may obtain a protective order if they present

specific information – generally supported by an affidavit or declaration –

demonstrating that the information is not reasonably accessible because of

undue burden or cost.  *See* Fed. R. Civ. P. 26(b)(2)(B); *Gulf Oil Co. v. Bernard*,

452 U.S. 89, 102 n.16 (1981) ("To establish 'good cause' for a protective order

. . . courts have insisted on a particular and specific demonstration of fact, as

distinguished from stereotyped and conclusory statements") (citation and

internal quotation omitted); *City of Seattle v. Prof'l Basketball Club, LLC,* No.

07cv1620, 2008 WL 539809, *3 (W.D. Wash. Feb. 25, 2008) ("In opposing

discovery on the grounds of overbreadth, a party has the burden 'to provide

sufficient detail in terms of time, money and procedure required to produce the

requested documents.'").

Importantly, "Rule [26(b)(2)(B)] should not be invoked as a means to

forestall the production of materials that are admittedly relevant and readily

accessible." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01cv1644, 2010 WL

502721, *19 (D. Colo. Feb. 8, 2010).  As with all the Federal Rules of Civil

Procedure, Rule 26(b)(2)(B) must "be construed and administered to secure the

just, speedy, and inexpensive determination of every action and proceeding."

Fed. R. Civ. P. 1.

4

1        In this case, the City rejected Plaintiffs' proposed search terms and

2    protocols.  But the City did not, then, use search terms and protocols it deemed

3    reasonable to produce responsive electronically stored documents.  Nor did the

4    City seek a protective order from the Court.  Either of these would have been

5    preferable to what the City did: conduct no search and allow the production date

6    to come and go without producing any ESI.  *See Shaw Group Inc. v. Zurich Am.*

7    *Ins. Co.*, No. 12cv257, 2014 WL 4373210, *5 (M.D. La. Sept. 3, 2014) ("The

8    Federal Rules of Civil Procedure do not mandate that the parties agree on

9    search criteria for ESI . . . . Failure to reach an agreement on search terms does

10   not relieve [responding party] of its obligation to respond to discovery requests.

11   [Responding party] could have conducted its own search for responsive, non-

12   privileged ESI and produced those documents . . .  within the timeframe

13   allowed by the court. In the alternative, [responding party] could have sought

14   relief from the court . . . .").

15       The document requests at issue seek relevant information from the City.

16   In its opposition to this motion to compel, the City has not met its burden to

17   show that the information is not reasonably accessible because of undue burden

18   or cost.  Fed. R. Civ. P. 26(b)(2)(B).  The City attaches a chart showing the

19   number of email hits for individual search terms, but not for search terms run

20   conjunctively (i.e. "Filner" alone, and "sex" alone, but not "Filner" and "sex" in

the same email).  (ECF No. 109-3.)  Furthermore, the City offers no evidence of the effort or cost involved in conducting the ESI search and production upon which the Court could conclude that the burden or expense of the proposed discovery outweighs its likely benefit.

The City shall produce responsive ESI by **May 13, 2015** from the accounts of City Attorney Jan Goldsmith and the agreed upon custodians set forth above.

**d.  Attorney-client privilege.**  The Court reserves its ruling on the City's assertions of the attorney-client and attorney work-product privileges.  The privilege log before the Court is insufficient for Plaintiffs and the Court to evaluate the validity of the assertions of privilege.  *See* Fed. R. Civ. P. 26(b)(5). The City shall serve its *final* privilege log on Plaintiffs by **May 13, 2015** and that log shall identify for each document: the date of authorship, the identity and position of its author(s), the identity and position of its recipient(s), the location, source and access rights to the document (such that it can be determined who would have access to each document), a cast of characters (to understand the roles of all authors and recipients), a more detailed document description, and a more detailed explanation as to why the document is being withheld (without revealing information itself privileged).  Plaintiff is granted

1  leave to file a motion seeking to compel specific documents listed on the

2  privilege log on or before **May 20, 2015**.

3  **e.  Personal information.**  The Court reserves its ruling on the City's privacy

4  objections.  The City has asserted that certain requests seek documents "that

5  contain the personal information of the City's employees and other third parties.

6  To protect the privacy rights of these individuals, the City will not produce this

7  information."

8      Specifically as to Amended Request 18 for Filner's personnel file, the

9  City objects that "this request for production seeks documents that contain a

10  City's employee's personal information 'the disclosure of which would

11  constitute an unwarranted invasion of personal privacy.' Cal. Gov't Code §

12  6254; *see*, *e.g.*, 5 U.S.C. § 552.  To protect the privacy rights of this individual,

13  the City will not produce this information."

14      The City has included in its privilege log documents it is withholding as a

15  result of this claim of privacy, but has failed to provide a privilege log which is

16  adequate for Plaintiffs and the Court to evaluate the validity of the assertion of

17  privacy.  Furthermore, the City does not indicate that it has produced

18  documents with personal information redacted, and, instead, appears to have

19  fully withheld any documents which contain any information the City deems to

20  be "personal."

14-cv-01179-GPC-JLB

The City is to review each document being withheld based on a claim of privacy, produce documents if appropriate (redacting if necessary), and cure the deficiencies identified above with its final privilege log by **May 13, 2015**.  As a protective order may be appropriate to govern the parties' use of documents containing private information, the City is granted leave to file a joint or ex parte (if the parties are unable to agree) motion for a protective order addressing the parties' use of the discovery by **May 8, 2015**.  As to any documents the City seeks to withhold (or produces in redacted form) on the basis of privacy, the City is to file a motion for protective order addressing why each document should be excused from production by **May 20, 2015**.

**f.  Equally available.**  The City's equally available objection is overruled.

The City asserts that Plaintiffs' requests seek documents that are equally available to Plaintiffs and states, "The City will not produce these [unspecified] documents because this request is burdensome and harassing as these documents are equally available to the Plaintiffs."  Other than referencing general categories of documents (those in propounding parties' possession, those in court files, and published documents), the City does not identify which documents are being withheld, and does not set forth how production of the documents that are within the City's custody and control is burdensome and oppressive.  Thus, the City has failed to establish that the documents can be

8

1    obtained from another source that is "more convenient, less burdensome, or less

2    expensive" than the City producing what is in its possession.  This objection is

3    overruled.  On or before **May 13, 2015**, the City is to produce all responsive

4    documents within its custody and control, notwithstanding their potential equal

5    availability Plaintiffs, other than documents produced by Plaintiffs or part of the

6    court docket in this case.

7    **g.  Mediation privilege. (RFP 2.)**  The City responds that Request 2 seeks

8    documents which are allegedly protected by a "mediation privilege," but fails to

9    identify the documents to which it refers.  The City states it "will not produce

10    these documents."  The City has not identified any documents in its privilege

11    log that it purports to be withholding based upon "mediation privilege."  By

12    **May 13, 2015**, the City must supplement its response to attest that it is not

13    withholding any documents based upon "mediation privilege" or identify with

14    particularity any such documents being withheld in its final privilege log.

15    **h.  Deliberative and mental process privileges. (RFP 2.)** The City responds

16    that the request seeks documents which are allegedly protected by "the

17    deliberative and mental process privileges."  The City states it "will not produce

18    these documents."  The only documents the City has identified in its privilege

19    log that it purports to be withholding on this basis are "Draft Memos and emails

20    dated 7-14-2-15 by Todd Gloria."  By **May 13, 2015**, the City must identify

9

more particularly the documents being withheld based on these privileges in its final privilege log.

**i.  Sources of responsive discovery.**  Although not associated with an express objection, certain of the City's responses purport to limit the locations the City will search for documents, as follows: "City is conducting a search . . . from Filner's (former) staff still employed by the City, the City's Equal Employment Investigations Office, and the City's Human Resources Department."  The City is not excused from conducting a reasonable search for all non-privileged responsive documents in City's custody and control, regardless of location.

**2.  The Court's Rulings as to Specific Requests.**

On or before **May 13, 2015**, the City shall provide Plaintiffs with both amended written responses to Plaintiffs' amended document requests and the City's final document production in response to the Court's rulings herein.  The Court's rulings as to the specific document requests are set forth in the chart below:

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
| 1 | All 2013 reports CONCERNING FILNER's alleged SEXUAL DISCRIMINATION OR HARASSMENT or ABUSIVE conduct. (For this question, the term "reports" means a written investigative report, | City's Objection 2 (overly broad, etc.) is overruled as to the relevant time period and is sustained only to the extent the request seeks documents concerning abusive conduct that is not sexually harassing or sexually |

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
| | internal investigation, account, story, rundown, chronicle, history, outline, narrative, version, blow by blow, write up, description, information, message, opinion, record, statement, and or a declaration.) | discriminatory. |
| 2 | All DOCUMENTS maintained or kept by the CITY, CITY department directors, CITY Directors (including Donna Frye), CITY department heads, CITY managerial employees, CITY supervisors, CITY mayoral staff, CITY security staff, and CITY council members, or otherwise in its or their possession, custody or control, CONCERNING any oral or written report, allegation, charge or complaint (regardless of how the CITY characterizes the report, allegation, charge or complaint), whether informal or formal, about FILNER's alleged SEXUAL DISCRIMINATION OR HARASSMENT. | City's Objection 2 (overly broad, etc.) is overruled. |
| 3 | All DOCUMENTS maintained or kept by the CITY, CITY department directors, CITY Directors (including Donna Frye), CITY department heads, CITY managerial employees, CITY supervisors, CITY mayoral staff, CITY security staff, and CITY council members, or otherwise in its or their possession, custody or control, CONCERNING any oral or written report, allegation, charge or complaint (regardless of how the CITY | City's Objection 2 (overly broad, etc.) is sustained.  Relevant documents related to abusive conduct that is of a sexually harassing or sexually discriminatory nature will be responsive to Amended Request 1. Consistent with the Court's prior orders related to the scope of deposition testimony, and for the reasons set forth therein, documents concerning abusive conduct that is not |

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
| | characterizes the report, allegation, charge or complaint), whether formal or informal, that FILNER was allegedly ABUSIVE. | sexually harassing or sexually discriminatory need not be produced. |
| 4 | All DOCUMENTS maintained or kept by the CITY, CITY department directors, CITY Directors (including Donna Frye), CITY department heads, CITY managerial employees, CITY supervisors, CITY mayoral staff, CITY security staff, and CITY council members, or otherwise in its or their possession, custody or control, CONCERNING any oral or written report, allegation, charge or complaint (regardless of how the CITY characterizes the report, allegation, charge or complaint), whether formal or informal, that FILNER allegedly needed any type of therapy. | City's Objection 2 (overly broad, etc.) is overruled as to the relevant time period; overruled as to the sources to be searched; and sustained only to the extent the request seeks documents concerning a need for therapy if *specifically and clearly* unrelated to issues of sexual harassment and/or sexual discrimination. |
| 5 | All DOCUMENTS maintained or kept by the CITY, CITY department directors, CITY Directors, CITY department heads, CITY managerial employees, CITY supervisors, CITY mayoral staff, CITY security staff, and CITY council members, or otherwise in its or their possession, custody or control, CONCERNING any oral or written report, allegation, charge or complaint of SEXUAL DISCRIMINATION OR HARASSMENT (regardless of how the CITY characterizes the report, allegation, charge or complaint), against the CITY, CITY department directors, CITY | City's Objection 2 (overly broad, etc.) is sustained in part. Balancing the needs of the case against the City's burden, the Objection 2 is overruled in so far as the City shall produce responsive documents for the time period of January 1, 2010 to the present concerning any report, allegation, charge or complaint of sexual discrimination or harassment against the listed positions other than the non-supervisory positions within the City's mayoral staff and security staff. |

12

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
|  | Directors, CITY department heads, CITY managerial employees, CITY supervisors, CITY mayoral staff, CITY security staff, and CITY council members, from January 1, 2007 to the present. |  |
| 6 | All 2013 DOCUMENTS CONCERNING any CITY supervisor's knowledge Of FILNER's alleged SEXUAL DISCRIMINATION OR HARASSMENT. | City's Objection 2 (overly broad, etc.) is overruled. |
| 7 | All 2013 DOCUMENTS CONCERNING any CITY supervisor's knowledge that FILNER was allegedly ABUSIVE. | City's Objection 2 (overly broad, etc.) is sustained.  Relevant documents related to knowledge of abusive conduct that is of a sexually harassing or sexually discriminatory nature will be responsive to Amended Request 6. Consistent with the Court's prior orders related to the scope of deposition testimony, and for the reasons set forth therein, documents concerning knowledge of abusive conduct that is not sexually harassing or sexually discriminatory need not be produced. |
| 8 | All 2013 DOCUMENTS CONCERNING any CITY supervisor's knowledge that FILNER allegedly needed any type of therapy in 2013. | City's Objection 2 (overly broad, etc.) is overruled as to the relevant time period; overruled as to the sources to be searched; and sustained only to the extent the request seeks documents concerning knowledge of a need for therapy if *specifically and clearly* unrelated to issues of sexual harassment and/or sexual discrimination. |

13

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
| 9 | All 2013 DOCUMENTS CONCERNING any CITY Council person's knowledge of FILNER's alleged SEXUAL DISCRIMINATION OR HARASSMENT. | City's Objection 2 (overly broad, etc.) is overruled. |
| 10 | All 2013 DOCUMENTS CONCERNING any CITY Council person's knowledge that FILNER was allegedly abusive. | City's Objection 2 (overly broad, etc.) is sustained. Relevant documents related to knowledge of abusive conduct that is of a sexually harassing or sexually discriminatory nature will be responsive to Amended Request 9. Consistent with the Court's prior orders related to the scope of deposition testimony, and for the reasons set forth therein, documents concerning knowledge of abusive conduct that is not sexually harassing or sexually discriminatory need not be produced. |
| 11 | All 2013 DOCUMENTS CONCERNING any CITY Council person's knowledge that FILNER may have needed any type of therapy. | City's Objection 2 (overly broad, etc.) is overruled as to the relevant time period; overruled as to the sources to be searched; and sustained only to the extent the request seeks documents concerning knowledge of a need for therapy if *specifically and clearly* unrelated to issues of sexual harassment and/or sexual discrimination. |
| 13 | All 2013 DOCUMENTS reviewed by the San Diego City Council advising | City's Objection 2 (overly broad, etc.) is overruled. |

14

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
| | them that the City was, or may be, liable for FILNER'S alleged SEXUAL DISCRIMINATION OR HARASSMENT. | |
| 16 | All DOCUMENTS CONCERNING FILNER'S Chief(s) of Staff and or Deputy Chief(s) of Staff, (including but not limited to Vince Hall, Allen Jones and Lee Burdick), and FILNER's alleged SEXUAL DISCRIMINATION OR HARASSMENT or ABUSIVE conduct. | City's Objection 2 (overly broad, etc.) is sustained, in part, as to the relevant time period. Consistent with Plaintiffs' other requests, the request is limited to 2013 documents. Further, City's Objection 2 (overly broad, etc.) is sustained to the extent the request seeks documents concerning abusive conduct that is not sexually harassing or sexually discriminatory. |
| 17 | All DOCUMENTS CONCERNING any member of FILNER'S security staff and FILNER's alleged SEXUAL DISCRIMINATION OR HARASSMENT or ABUSIVE conduct. | City's Objection 2 (overly broad, etc.) is sustained, in part, as to the relevant time period. Consistent with Plaintiffs' other requests, the request is limited to 2013 documents. Further, City's Objection 2 is sustained to the extent the request seeks documents concerning abusive conduct that is not sexually harassing or sexually discriminatory. City's Objection 2 is sustained to the extent the request seeks documents concerning a non-supervisory member of Filner's security staff's alleged sexual discrimination or harassment or abusive conduct. |
| 18 | FILNER'S personnel file. | The City's only objection is to privacy. The Court's ruling as to this request is set forth above in Section 1.e. |

15

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
| 25, 26, 28-35 | [Requests not restated here.] | The City makes no objection that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense.  The City is to produce responsive documents subject to the rulings set forth above in Section 1. |
| 40 | DOCUMENT(s) showing the CITY'S agreement to not discriminate while administering federal financial funds or disbursements in 2013, including those earmarked for veterans assistance, services or programs. | The City's Objection 3 (overly broad, etc.) is sustained.  The City is to produce DOCUMENT(s) showing the CITY'S agreement to not discriminate while administering federal financial funds or disbursements in 2013 earmarked for veterans assistance, services or programs. |
| 41 | DOCUMENT(s) between the federal government and the CITY from January 1, 2007 to the present CONCERNING any oral or written report, allegation, charge, or complaint (regardless of how the CITY characterizes the report, suggestion, allegation, charge or complaint) that the CITY may have been or was discriminating while administering federal financial funds or disbursements, including without limitation funds for veterans assistance, services or programs. | City's Objection 3 (overly broad, etc.) is sustained.  City is to produce DOCUMENT(s) between the federal government and the CITY from 2013 CONCERNING any oral or written report, allegation, charge, or complaint (regardless of how the CITY characterizes the report, suggestion, allegation, charge or complaint) that the CITY may have been or was discriminating while administering federal financial funds or disbursements for veterans assistance, services or programs. |
| 42 | All DOCUMENTS that show that the CITY was informed or knew that it must comply with federal non-discrimination requirements as a condition for receiving federal funding or | City's Objection 3 (overly broad, etc.) is overruled. |

16

| No. | Language of Amended Request | Ruling on request-specific objections that request is overly broad, oppressive, burdensome, and seeks material not relevant to any claim or defense |
|---|---|---|
| | federal disbursements of money for veterans' assistance, services or programs in 2012-2013. | |
| 44 | All DOCUMENTS CONCERNING the August 2013 Department of Fair Employment and Housing's complaint against the CITY, including but not limited to DOCUMENTS that show that the CITY failed to provide sex harassment prevention training, or sex discrimination prevention training, to its supervisory employees, including elected and appointed officials. | City's Objection 3 (overly broad, etc.) is overruled. |
| 47 | All DOCUMENTS CONCERNING or which support CITY attorney Jan Goldsmith's statements to Tony Perry of the Los Angeles Times that Mayor FILNER needed therapy in February 2013. | City's Objection 2 (overly broad, etc.) is sustained only to the extent the request seeks documents concerning a need for therapy if *specifically and clearly* unrelated to issues of sexual harassment and/or sexual discrimination. |
| 48 | All DOCUMENTS CONCERNING or which support the CITY or CITY attorney Jan Goldsmith's decision to hire a psychologist to render an opinion about FILNER, and a copy of the psychologist's report. | City's Objection 2 (overly broad, etc.) is sustained only to the extent the request seeks documents concerning a need for a psychological report if *specifically and clearly* unrelated to issues of sexual harassment and/or sexual discrimination. |

IT IS SO ORDERED.

Dated:  April 29, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge

17

14-cv-01179-GPC-JLB