UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Tyler, et al.,<br><br>                                    Plaintiffs,<br><br>            v.<br><br>City of San Diego, et al.,<br><br>                                   Defendants. | Civil No.   14cv1179 -GPC (JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER; and**<br><br>**[ECF No. 137]**<br><br>**(2) AMENDING SCHEDULING ORDER** |

      Presently before the Court is the parties' Joint Motion for Modification of Scheduling Order. (ECF No. 137.) The Court finds good cause to **GRANT** the joint motion. Accordingly, IT IS HEREBY ORDERED:

      1.    Each expert witness designated by a party shall prepare a written report or disclosure to be provided to all other parties **no later than June 22, 2015**, containing the information required by Fed. R. Civ. P. 26(a)(2)(B)-(C).

      **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

      2.    Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(D)(ii) and Fed. R. Civ. P. 26(e), supplement any of its expert reports or

disclosures regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report or disclosure submitted by another party. Any such supplemental reports or disclosures are due on or before **July 13, 2015**.

3. Expert discovery shall be completed on or before **August 27, 2015**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court expects counsel to make every effort to resolve all disputes without court intervention. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred to resolve the dispute **and** requested an informal teleconference with the Court.

**A failure to comply in this regard will result in a waiver of a parties discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

4. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **September 14, 2015**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.

Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.

Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers **MUST** be filed

and served *the same day* of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another. Please plan accordingly. For example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in the motion not being heard.**

     5.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

     6.    A Mandatory Settlement Conference shall be conducted on **June 3, 2015, at 9:00 a.m.** in the chambers of Magistrate Judge Jill L. Burkhardt, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101.[1] Counsel shall lodge **confidential** settlement statements by e-mail to efile_Burkhardt@casd.uscourts.gov and in accordance with Magistrate Judge Burkhardt's Civil Chambers Rules, no later than **May 22, 2015**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. The settlement position must include a specific and current demand or offer addressing all relief or remedies sought. If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons therefor must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will "negotiate in good faith" is not a specific demand or offer. The statement shall also list all attorney and non-attorney attendees for the

---

[1] The Court welcomes the parties to request additional settlement conferences at any stage in the litigation. The parties may request a settlement conference by jointly calling chambers or by filing a Joint Motion.

Conference, including person(s) and their title(s) or position(s) with the party who will attend and have settlement authority at the Conference. Settlement Conference statements shall be timely lodged notwithstanding the pendency of any motion. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

7. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of a corporate entity, an authorized representative of the corporation who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

8. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

9. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **November 13, 2015**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

10. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or **before November 20, 2015**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order. Counsel for the plaintiff has the duty of arranging for meetings of counsel and for preparation of the Pretrial Order mandated by Civil Local Rule 16.1(f)(6)(c).

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **December 1, 2015**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

12. The proposed final pretrial conference order, including objections counsel have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served

and lodged via e-mail with the district judge's chambers on or before **December 11, 2015**,[3] and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6) (except the requirement to file Memoranda of Contentions of Law and Fact is waived).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

13. The final pretrial conference shall be held before the **Honorable Gonzalo P. Curiel**, United States District Court Judge, on **January 8, 2016**, at **1:30 p.m.**  The Court will set a trial date during the pretrial conference.  The Court will also schedule a motion in limine hearing date during the pretrial conference.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

**DATED:  April 29, 2015**

_____
**JILL L. BURKHARDT
United States Magistrate Judge**

---

[3] *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California, § 2(h), for the chambers' official email address and procedures on emailing proposed orders.