UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Tyler, et al.,<br>                      Plaintiffs,<br>vs.<br>City of San Diego, et al.,<br>                      Defendants. | Case No.:  14-cv-01179-GPC-JLB<br><br>**Order Granting Motions<br>for Protective Order**<br><br>[ECF Nos. 128, 129, 136] |

The Court hereby GRANTS Defendants' motions (ECF Nos. 128, 129) seeking a protective order from Plaintiffs' amended Fed. R. Civ. P. 30(b)(6) deposition notice to Defendant City of San Diego ("City") dated March 23, 2015 (ECF No. 129-4).

A Case Management Conference Order was issued in this case setting March 1, 2015 as the deadline for completion of fact discovery.  As set forth in the Case Management Conference Order:

> Fact discovery shall be completed on or before March 1, 2015. . . . "*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cutoff date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

(ECF No. 32, ¶5 (emphasis in original).)

1

On November 3, 2014, Plaintiffs served an unquestionably timely deposition notice on the City pursuant to Federal Rule of Civil Procedure 30(b)(6). (ECF No. 129-3.) The City filed a motion for protective order, which was granted in part and denied in part. (ECF Nos. 36, 42.) Plaintiffs filed a motion for reconsideration, and then filed objections with the District Court. (ECF Nos. 46, 66.)[1] The objections were overruled on March 16, 2015. (ECF No. 102.) The result of the several orders was that Plaintiffs could take a Fed. R. Civ. P. 30(b)(6) deposition of the City as to 20 of the 21 written topics contained in Plaintiffs' November 3, 2014 deposition notice (*see* ECF No. 36-3), as narrowed by the Court. (ECF Nos. 42, 59, 102.)

On March 20, 2015, the Parties filed a joint motion to continue the deadline for the depositions of three witnesses, including the City's 30(b)(6) witness(es). (ECF No. 103.) The joint motion stated, "Plaintiffs intend to depose the City's Persons Most Knowledgeable ("PMKs") regarding 20 topics." (*Id.*) This was consistent with the Court's orders on the permissible scope of the upcoming Fed. R. Civ. P. 30(b)(6) deposition. (ECF Nos. 42, 59.) On March 23, 2015, while the joint motion was pending and without notifying the Court, Plaintiffs served an amended notice of deposition of the City's 30(b)(6) witness(es) on **23** topics, including topics which had been precluded by the Court's prior orders. (ECF No. 129-4.) Unaware of the issuance of the amended

---

[1] On February 9, 2015, after the Court had ruled on Plaintiffs' motion for reconsideration, but before Plaintiffs filed their objections, the Court granted the parties' joint oral motion to continue the deadline for conducting the deposition of City's 30(b)(6) witness(es) to March 31, 2015. (ECF No. 63.)

notice, which was inconsistent with the representation of the pending joint motion, the Court granted the joint motion and extended the deadline for conducting the 30(b)(6) deposition to April 30, 2015.  (ECF No. 107.)

The City and Defendant Robert Filner filed motions for protective order to preclude Plaintiffs from proceeding on the amended notice of deposition.[2]  Defendants' motions for a protective order are GRANTED for the following reasons:

First, the amended deposition notice is untimely.  Thus, while the parties received extensions of time to complete the Fed. R. Civ. P. 30(b)(6) deposition, discovery did not reopen to allow for Plaintiff's March 23, 2015 amended deposition notice.  Therefore, the Court grants Defendants a protective order as the March 23, 2015 deposition notice is untimely.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

Second, a protective order also is warranted because the amended deposition notice failed to give Defendants reasonable notice.  Fed. R. Civ. P. 30(b)(1) ("A party who wants to depose a person by oral questions must give reasonable written notice to every

---

[2] Prior to the filing of these motions, the Parties met and conferred, a process which resulted in Plaintiffs' twice more amending their deposition notices.  (ECF Nos. 129-5, 129-6.)  Because Plaintiffs' opposition to the motions for a protective order treats the amended deposition notice dated April 16, 2015 (ECF No. 129-6) as the operative deposition notice, this Court analyzes the April 16, 2015 amended notice when addressing the substance of the operative notice.  However, for purposes of timeliness, the Court will consider March 23 as the operative issuance date.  Thus, Plaintiffs are not being penalized for amending their notice as a result of the meet and confer process.

1  other party."). At the time the March 23, 2015 amended deposition notice issued, the
2  court-ordered deadline to complete the Fed. R. Civ. P. 30(b)(6) deposition of the City was
3  March 31, 2015.  The March 23 amended notice set March 30 as the date for the
4  deposition and made significant, substantive changes to the deposition topics.  Seven
5  days is insufficient notice for the City to be able to adequately prepare for its Fed. R. Civ.
6  P. 30(b)(6) deposition, especially given the substantive changes to the notice.

7       Third, even if the Court were to rule on the merits of Plaintiffs' amendments to the
8  deposition notice, Defendants' motions requesting a protective order would be granted.
9  With respect to the April 16, 2015 notice, a protective order is appropriate concerning
10 Topics 7, 8, 9, 10, and 11.  As redrafted, Topics 7, 8, 10 and 11 add the language
11 "conduct that did violate or may have violated employee behavior provisions in the City
12 of San Diego Employee Handbook in effect at the time" in place of the previously
13 rejected language: "abusive conduct."  It would appear that Plaintiffs are disguising
14 behind different language the same requests for discovery that the Court has already
15 deemed unavailable to Plaintiffs in this litigation.  Allowing this redraft would require
16 this Court to revisit its prior rulings on Topics 1-18 (relating to any written, verbal or
17 physical conduct of a sexual nature concerning claims of sexual harassment and sexual
18 discrimination by Defendant Filner, and originally including "abusive conduct"
19 language).  Yet, there is nothing compelling before the Court to persuade it to do so.
20 Thus, the law of the case doctrine also should apply to bar Plaintiffs' redraft of Topics 7,

8, 10 and 11.  *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (the law of the case "doctrine was designed to further the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided.") (citation and quotation omitted)).

Next, as to Topic 9 (Defendant Filner's personnel file), any documents produced by the City in response to the Order Granting Plaintiffs' Motion to Compel (ECF No. 139) will be available to Plaintiffs for use in asking questions on the November, 2014 notice of deposition topics.[3]  Questions on the relevant substance of those documents are covered by the November, 2014 deposition topics (*see* ECF No. 36-3), as narrowed by the Court (ECF Nos. 42, 59, 102).[4]

IT IS SO ORDERED.

Dated:  April 29, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[3] On April 24, 2015, the City represented during a status conference with the Court and counsel for all parties that it intends to put forward 19 witnesses to provide Fed. R. Civ. P. 30(b)(6) testimony.  On Plaintiffs' unopposed oral motion, the Court extended the deadline until May 29, 2015 for the parties to complete 4 of the 19 witnesses.  It is the Court's expectation that 1 or more of these 4 witnesses will be prepared to provide testimony on any personnel file documents produced in response to this Court's ruling on Plaintiff's motion to compel documents to the extent those documents are also covered by the November, 2014 deposition topics as narrowed by the Court.

[4] Further, Plaintiffs' counsel represented to the Court at the telephonic conference on April 15, 2015 (*see* ECF No. 123) that the amendments were made for the following two purposes: (1) to resolve Defendants' objections to the November, 2014 notice; and (2) to address new developments in discovery.  The Court is not persuaded that the new topics were necessitated by the need to respond to objections, or by new developments in discovery.  With respect to the latter, each new topic addresses issues of concern to Plaintiffs since the beginning of this litigation.